CR5-549.Hancock 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00549-CR







Dale Hancock, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT


NO. 0952691, HONORABLE FRED A. MOORE, JUDGE PRESIDING








 A jury found appellant, Dale Hancock, guilty of attempted burglary of a habitation
with intent to commit sexual assault. Tex. Penal Code Ann. § 30.02(a) (West 1994). The jury
assessed punishment at sixty years in prison. By two points of error, appellant contends that the
evidence is insufficient to support his conviction and that, during closing argument, the prosecutor
improperly commented on appellant's failure to testify. We will affirm the conviction.



BACKGROUND


 At approximately 2:30 a.m. on October 29, 1994, Elizabeth Edwards was alone
in her second-floor apartment asleep in her bedroom. She awoke when she heard a tapping or
scratching noise outside her bedroom window. She peered through the blinds and observed
someone standing just outside of the window. She immediately telephoned 911. She went to look
through the peephole in her front door but her view was obstructed. She then went to the sliding
glass door, looked out, and saw a man walking down the stairwell from her apartment toward the
parking lot.

 Within about ten minutes of Edwards' calling 911, police officer Ryan Stearns
arrived at her apartment. After speaking with Edwards, Stearns went to look for a man fitting the
description Edwards gave him. Edwards noticed that chewing gum had been placed over the
outside of the peephole in her front door. Edwards knew that the gum did not cover the peephole
earlier in the evening because she had guests over and had looked through the peephole upon their
arrival and departure. Additionally, Edwards noticed that the molding had been chipped away
around the lock of her bedroom window. She knew that this must have occurred recently because
she put Halloween decorations on the window a couple of days earlier and did not see any missing
molding.

 Officer Stearns found appellant sitting alone in a pickup truck parked approximately
fifty yards from Edwards' apartment. Stearns questioned him about why he was sitting alone in
a parked truck at the apartment complex at that time of night. Appellant told Stearns a disjointed
story and admitted that he placed chewing gum over the peephole in Edwards' front door. Stearns
arrested appellant. In appellant's truck, Stearns found two bandannas, a small flashlight, a
screwdriver, five pornographic videotapes, and a stun gun. Additionally, Stearns found a type
of box cutter or carpet knife, with a very thin blade about one inch in length on a key ring.

 Stearns soon returned to Edwards' apartment and asked her to accompany him
downstairs because he had detained someone who said that he knew Edwards. She went
downstairs and identified appellant as the man who had been outside of her window a few minutes
earlier.

 Edwards explained that she knew appellant because she had met him a couple of
times when he had been over to the apartment with her mother when she also lived at the
apartment. Edwards recalled that, on one of these occasions, she became very uncomfortable
when appellant expressed interest in a photograph of her in a bathing suit. Edwards asked her
mother to put the snapshot away after appellant showed such interest in the photograph.



SUFFICIENCY OF THE EVIDENCE


 By point of error two, appellant contends that the evidence is insufficient to support
his conviction. Specifically, appellant contends that the evidence is insufficient (1) to establish
an act amounting to more than mere preparation to commit a burglary and (2) to establish
appellant's intent to commit sexual assault.

 When reviewing a challenge to the legal sufficiency of the evidence to support a
conviction, an appellate court must determine whether, when viewing the evidence in a light most
favorable to the conviction, any rational trier of fact could have found the essential elements of
the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318-19 (1979); Griffin
v. State, 614 S.W.2d 155, 159 (Tex. Crim. App. 1981). A reviewing court should not substitute
its determination of guilt or innocence for that of the fact finder unless the fact finder's
determination is found to be irrational or unsupported by the evidence, such evidence being
viewed under the standard set forth in Jackson. Moreno v. State, 755 S.W.2d 866, 867 (Tex.
Crim. App. 1988). The jury decides whether to believe or disbelieve a witness's testimony, and
may reject any portion of a witness's testimony. Tex. Code Crim. Proc. Ann. art. 38.04 (West
1989); Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). We do not sit as a
thirteenth juror in assessing evidence, but rather position ourselves as a final due process
safeguard ensuring only the rationality of the fact finder. Moreno, 755 S.W.2d at 867.

 Appellant was indicted for attempted burglary with the specific intent to commit
sexual assault. The indictment alleged that appellant committed an act that amounted to more than
mere preparation that tended but failed to effect the commission of the offense intended, namely
by placing gum over the peephole in the door to the habitation, by tampering with the molding
on a window of the habitation, and by bringing burglary tools to a location nearby the habitation.

 A person commits burglary if, without the effective consent of the owner, he enters
a habitation with the intent to commit a felony. Tex. Penal Code Ann. § 30.02 (West 1994). To
establish the offense of attempt, the State must show that a person, with specific intent to commit
an offense, does an act amounting to more than mere preparation, that tends but fails to effect the
commission of the offense intended. Tex. Penal Code Ann. § 15.01 (West 1994).

 We conclude that sufficient evidence exists to show that appellant did acts
amounting to more than mere preparation to commit burglary. Edwards awoke to sounds of
someone scratching on or picking at the molding on her bedroom window; thereafter, some
molding was discovered missing. Edwards identified appellant as the man she saw standing
outside of her bedroom window just after she was awakened. Additionally, appellant's personal
familiarity and knowledge of the floor plan of Edwards' apartment, the tools found in appellant's
truck parked a few feet from Edwards' apartment, and his attempt to obstruct her view through
the peephole, when considered with the other evidence presented, is sufficient to show that
appellant did more than just prepare to burglarize Edwards' apartment. We hold that the jury
acted rationally and reasonably when concluding that appellant attempted to commit burglary
beyond a reasonable doubt.

 We also conclude that sufficient evidence exists to show that appellant intended to
commit sexual assault. Since appellant had been to Edwards' apartment twice before with her
mother, he was familiar with the floor plan of her apartment. Consequently, the jury could infer
that appellant knew he was attempting to break into her dark bedroom in the middle of the night. 
Appellant had placed gum over the peephole which the jury could have concluded was to prevent
Edwards from observing his actions or recognizing him if she had tried to look through the
peephole. When Stearns found appellant alone, sitting in his truck he had pornographic videos,
bandannas, and a stun gun. From this, the jury could have concluded that appellant intended to
use these items to further his purposes in the course of his actions. Additionally, considering
Edwards' testimony that in the past she was uncomfortable with the manner in which appellant
expressed particular interest in a picture of herself in a bathing suit, the jury could have concluded
that appellant was attempting to enter Edwards' bedroom window to sexually assault her. We
conclude that the jury acted rationally when determining that appellant intended to commit sexual
assault. We hold the evidence sufficient to support the jury's verdict and overrule appellant's
second point of error.


JURY ARGUMENT


 By point of error one, appellant contends that the prosecutor committed reversible
error when, during his guilt-innocence closing jury argument, he improperly commented directly
on appellant's failure to testify. See U.S. Const. amends. V, VIV; Tex. Const. art. I, § 10; Tex.
Code Crim. Proc. Ann. art. 38.08 (West 1989). Appellant's complaint centers around the
following portion of the prosecutor's argument, to which appellant did not object:



Then you get to the question of, well, did he have intent to commit sexual assault;
and has the State proved that? And that's the issue in this case. Have we proved
he had intent to commit sexual assault?


Well, the State's got a tough burden there. Short of an admission by the defendant
at the scene of the crime, "I intended to go in there and rape that woman." Okay,
take that away, how is the State going to prove that? How is the State going to get
in that guy's head? And I submit to you that you can't have more than this, short
of an admission by the defendant at the scene of the crime. You can't have more. 
(emphasis added).



 Generally, to preserve error for appellate review, a party must make a timely
objection, stating the specific ground for the ruling sought. See Tex. R. App. P. 52(a). To
preserve error regarding improper jury argument, it is generally necessary for the complaining
party to (1) make an objection, (2) request an instruction to disregard, and (3) move for a mistrial. 
Cook v. State, 858 S.W.2d 467, 473 (Tex. Crim. App. 1993). In this instance, appellant failed
to object to this portion of the prosecutor's closing argument and, consequently, did not properly
preserve error. However, the prohibition against a comment on the defendant's failure to testify
is mandatory and the adverse effect of any reference to the accused's failure to testify is not
generally cured by an instruction to the jury. Owen v. State, 656 S.W.2d 458, 459 (Tex. Crim.
App. 1983).

 The State contends that when the prosecutor made these statements, he was
explaining the circumstantial evidence tending to prove appellant's criminal intent. The State
contends that the prosecutor was illustrating the difference between direct evidence of appellant's
intent, such as a statement by appellant expressing his intent, and circumstantial evidence of
appellant's intent, such as his unusual presence at the victim's apartment complex at that hour of
the night, the evidence found in his possession, and the circumstances of his previous contact with
the victim. The State also contends that the prosecutor was emphasizing to the jurors that actions
often speak louder than words and that it would be appropriate for them to ascertain appellant's
intent through circumstantial evidence.

 In order for a prosecutor's comments to offend the defendant's right to have a
prosecutor abstain from commenting upon his silence, the prosecutor's statement must be of such
character that it is either manifestly intended, or would naturally and necessarily compel the jury
to conclude that the State is commenting on the defendant's failure to testify at trial. Losada v.
State, 721 S.W.2d 305, 313 (Tex. Crim. App. 1986).

 Four areas of permissible jury argument may be addressed by the State: summation
of the evidence, reasonable deductions from the evidence, response to an opponent's argument,
and plea for law enforcement. Staley v. State, 887 S.W.2d 885, 895 (Tex. Crim. App. 1994)
(citing Hughes v. State, 878 S.W.2d 142, 157-58 (Tex. Crim. App. 1993)). When addressing a
complaint of improper comments on a defendant's failure to testify in his behalf, we review the
language from the standpoint of the jury. Staley, 887 S.W.2d at 895 (citing Swallow v. State, 829
S.W.2d 223, 225 (Tex. Crim. App. 1992)). The fact that language might be construed as an
implied or indirect allusion to a defendant's failure to testify is not sufficient. Staley, 887 S.W.2d
at 895. Additionally, every alleged error must be viewed in the context of the entire argument. 
Drew v. State, 743 S.W.2d 207, 220 (Tex. Crim. App. 1987). Isolated sentences or passages
taken out of context may take on a meaning different from that understood by the jury. Id.

 Even if jury argument falls outside the permissible scope, in order to constitute
reversible error, the jury argument must be extreme or manifestly improper, violate a mandatory
statute, or inject new facts in evidence harmful to the accused. Jacobs v. State, 787 S.W.2d 397,
406 (Tex. Crim. App.), cert. denied, 498 U.S. 882 (1990). Moreover, an appellate court need
not reverse a trial court judgment when, beyond a reasonable doubt, the error made no
contribution to the conviction. See Tex. R. App. P. 81(b)(2); Orona v. State, 791 S.W.2d 125,
130 (Tex. Crim. App. 1990).

 The argument complained of was not a direct reference to appellant's failure to
testify. Indeed, at best the reference is not to his failure to testify at trial but his failure to confess
at the scene of the crime. From the jury's perspective, the argument was directed to persuade the
jury how to establish intent through the circumstantial evidence presented, the facts proven, and
the circumstances surrounding the events. The prosecutor was attempting to define circumstantial
evidence of intent as evidence in which you can determine intent without actual knowledge of what
the person thinks.

 Making any reference whatsoever to the fact that a defendant has not made a
statement or did not testify is unwise and risky. While the prosecutor's explanation of
circumstantial evidence in this instance may be clumsy, it does not rise to the level of an improper
comment on appellant's failure to testify.

 We overrule appellant's first point of error.



 CONCLUSION


 Having overruled appellant's points of error, we affirm the trial court's judgment
of conviction.



 Marilyn Aboussie, Justice

Before Chief Justice Carroll, Justices Aboussie and Kidd

Affirmed

Filed: July 3, 1996

Do Not Publish



tends that the prosecutor was illustrating the difference between direct evidence of appellant's
intent, such as a statement by appellant expressing his intent, and circumstantial evidence of
appellant's intent, such as his unusual presence at the victim's apartment complex at that hour of
the night, the evidence found in his possession, and the circumstances of his previous contact with
the victim. The State also contends that the prosecutor was emphasizing to the jurors that actions
often speak louder than words and that it would be appropriate for them to ascertain appellant's
intent through circumstantial evidence.

 In order for a prosecutor's comments to offend the defendant's right to have a
prosecutor abstain from commenting upon his silence, the prosecutor's statement must be of such
character that it is either manifestly intended, or would naturally and necessarily compel the jury
to conclude that the State is commenting on the defendant's failure to testify at trial. Losada v.
State, 721 S.W.2d 305, 313 (Tex. Crim. App. 1986).

 Four areas of permissible jury argument may be addressed by the State: summation
of the evidence, reasonable deductions from the evidence, response to an opponent's argument,
and plea for law enforcement. Staley v. State, 887 S.W.2d 885, 895 (Tex. Crim. App. 1994)
(citing Hughes v. State, 878 S.W.2d 142, 157-58 (Tex. Crim. App. 1993)). When addressing a
complaint of improper comments on a defendant's failure to testify in his behalf, we review th